## Case No. 886.

BANK OF DANVILLE v. TRAVERS.

[4 Biss. 507.][1]

Circuit Court, N. D. Illinois. Dec., 1868.

EQUITY—MOTION TO SUPPRESS DEPOSITIONS—
WAIVER.

A motion to suppress depositions for irregularity comes too late when they have been on file for three years.

[See Doane v. Glenn, 21 Wall. (88 U. S.) 33.]

In equity. Motion [in a suit by the Bank of Danville against Eliza Travers] to suppress depositions for insufficiency of the notarial certificate, the depositions having been returned and opened in July, 1865.

J. H. Knowlton, for the motion.

DRUMMOND, District Judge. I think after a cause is set down for hearing, and the deposition has been on file for three years, it is too late to move to exclude it on a technical ground. I think the parties have a right to presume that such a delay is a waiver of any objection of that kind.

NOTE, [from original report.] The general rule is that all objections or exceptions to the formality of depositions must be taken before trial. Corgan v. Anderson, 30 Ill. 95; Swift v. Castle, 23 Ill. 209; Frink v. McClung, 4 Gilman, 569; Moshier v. Knox College, 32 Ill. 155. But as to substance it is sufficient to make them on the trial or hearing. Swift v. Castle and Frink v. McClung, supra.

## Case No. 887.

BANK OF DOVER v. DODGE.

[The case reported under this title in 25 Int. Rev. Rec. 304, is the same as Case No. 10,053.]